IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DANIEL AUDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV347 |
| | ) | |
| PNC MORTGAGE, A DIVISION OF | ) | |
| PNC BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion to Remand [Doc. #11] filed by Plaintiff Daniel Audley ("Plaintiff"), seeking to remand to state court this case involving claims related to efforts by Defendant PNC Mortgage, a Division of PNC Bank, National Association ("Defendant" or "PNC Bank") to collect on a loan and promissory note from Plaintiff. The Motion to Remand has been fully briefed. For the reasons that follow, the Court recommends that Plaintiff's motion be denied.

I.   FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff alleges that he is a resident of Cabarrus County, North Carolina. (Pl.'s Verified Compl. [Doc. #3].) He purchased certain real property as his residence in Concord, North Carolina, in 2003, and financed his purchase with a loan through National City Mortgage by signing a deed of trust and promissory note. Plaintiff's deed of trust secures a loan in the amount of $157,426. (Id. Ex. B.) Plaintiff eventually defaulted on the loan, and in December 2009, he began receiving debt collection letters from an attorney for Defendant PNC Bank.

Plaintiff claims that at that time, Defendant did not have any rights to his loan. In January 2010, Plaintiff received notice of the transfer of his loan to PNC Bank as of January 6, 2010. (Id. Ex. D.)

Plaintiff filed this action in state court raising five causes of action. Plaintiff alleges in his First Cause of Action that Defendant PNC Bank violated the federal Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692-1692p (2006)), and the North Carolina Debt Collection Practices Act (N.C. Gen. Stat. § 75-50 to -56 (2009)). Plaintiff's Second Cause of Action alleges fraud by failing to deliver "notification of transfer" in compliance with 24 C.F.R. § 203.502(b)(2)(I) (2012). In his Third Cause of Action, Plaintiff alleges that Defendant breached a contract by charging undue inspection fees and by not registering the transfer of his mortgage. Plaintiff's Fourth Cause of Action alleges a "Defective Mortgage" for alleged failure to disclose restrictive covenants. Finally, Plaintiff's Fifth Cause of Action is for "Failure to Establish Conditions Precedent," contending that Defendant allegedly failed to mail a delinquency notice to Plaintiff as required by 24 C.F.R. § 203.602 (2012). Plaintiff seeks damages, injunctive relief, and declaratory relief.

Defendant removed the action to this Court on May 5, 2011. (Pet. for Removal [Doc. #1].) Plaintiff thereafter filed the present Motion to Remand. Plaintiff argues in his Motion to Remand that this Court should abstain from exercising jurisdiction in this action, that no federal question is presented in this action, and that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000. (Pl.'s Memo. in Supp. of Mot. to Remand [Doc. #12].) Defendant opposes Plaintiff's motion.

II.  DISCUSSION

  A.  Federal Question Jurisdiction

This Court has subject matter jurisdiction over cases removed from state court to the extent that this Court would have had original jurisdiction over the action. 28 U.S.C.A. § 1441(a) (West 2012).  In this case, Defendant contends that this Court has federal subject matter jurisdiction based on both federal question jurisdiction pursuant to 28 U.S.C. § 1331 (2006) and diversity jurisdiction pursuant to 28 U.S.C.A. § 1332 (West 2012).

With respect to federal question jurisdiction under 28 U.S.C. § 1331, "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes *either* that federal law creates the cause of action *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers, 463 U.S. 1, 27-28 (1983). Thus, "federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law," but there is also a "longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction . . . [recognizing that] in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).

In the present case, Plaintiff pleads in his First Cause of Action a violation of the federal FDCPA, as set out above.  In the same cause of action, he also pleads a violation of the North Carolina Debt Collections Practices Act.  Although Plaintiff has specifically asserted a claim under the federal FDCPA, Plaintiff nevertheless contends that federal question jurisdiction is

lacking because there is no "substantial question of federal law." In making this argument, Plaintiff is apparently relying on cases interpreting the "variety of federal 'arising under' jurisdiction" that may exist when state-law claims "implicate significant federal issues." <u>Grable</u>, 545 U.S. at 312. Plaintiff's argument fails to acknowledge, however, that he has pled a cause of action created by federal law under the FDCPA. <u>See</u> 15 U.S.C.A. § 1692k (West 2012) (creating civil liability for debt collectors). This is not a case where state law alone creates the cause of action. Thus, there is no need to consider whether Plaintiff's state law claims implicate significant federal issues; federal question jurisdiction exists because Plaintiff has specifically pled a cause of action created by federal law. Thus, Plaintiff's contention that there is not a "substantial federal question" is misplaced, since Plaintiff's First Cause of Action provides a basis for traditional "arising under" jurisdiction pursuant to 28 U.S.C. § 1331.

In addition, the fact that Plaintiff's other claims are pendent state-law claims does not necessitate remanding this action to state court. <u>See</u> 28 U.S.C. § 1367 (2006) (authorizing federal courts to exercise supplemental jurisdiction over related state law claims in cases in which federal courts have original jurisdiction). Although Plaintiff argues that his state law claims predominate over his federal claims, the predominance of state claims would not divest this court of jurisdiction, where federal question jurisdiction exists and the remaining state law claims are related to the federal claim and are within the Court's supplemental jurisdiction. This Court therefore has federal question jurisdiction in this action pursuant to 28 U.S.C. § 1331 and § 1367.

The Court notes that under 28 U.S.C. § 1367(c), this Court has discretion to decline to exercise supplemental jurisdiction over a state law claim if the state law claim substantially

predominates over the federal law claim. However, this would require the Court to decline to exercise supplemental jurisdiction over only the state law claims, while the federal FDCPA claims remained in this Court.[1] Plaintiff does not seek such relief, and given the relationship between the claims, the Court will not sever and remand portions of the case.[2]

B. Burford Abstention

Plaintiff nevertheless argues that this Court should abstain from exercising jurisdiction under the Burford doctrine. See Burford v. Sun Oil Co., 319 U.S. 315 (1943). The Burford doctrine applies in a "narrow range" of cases. Martin v. Stewart, 499 F.3d 360, 364 (4th Cir. 2007). Burford allows abstention:

> when federal adjudication would "unduly intrude" upon "complex state administrative processes" because either: (1) "there are difficult questions of state law . . . whose importance transcends the result in the case then at bar"; or (2) federal review would disrupt "state efforts to establish a coherent policy with respect to a matter of substantial public concern."

---

[1] The Court also notes that there are no claims to be severed and remanded under 28 U.S.C. § 1441(c) because there are no claims that are not within the original or supplemental jurisdiction of the Court, nor are there claims that have been made nonremovable by statute. See 28 U.S.C. § 1441(c) (West 2012) (providing that a court may sever and remand matters that are not within the original or supplemental jurisdiction of the court or that have been made nonremovable by statute); see also Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 616 (4th Cir. 2001) (noting that § 1441(c) does not apply "when pendent claims, as distinct from 'separate and independent claims,' are involved").

[2] Plaintiff also contends that diversity jurisdiction is lacking because there is no evidence as to the amount in controversy. (Memo. in Supp. of Mot. to Remand at 6-7.) Because this Court has found that federal question jurisdiction exists, the Court need not address Plaintiff's argument on diversity jurisdiction. However, the Court notes that there is no question that the parties are diverse, and the amount owed on the promissory note at issue is alleged to be over $75,000, so diversity jurisdiction would appear to exist even if federal question jurisdiction did not exist.

Martin, 499 F.3d at 364 (quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361-63 (1989)).

Plaintiff contends that the North Carolina foreclosure law is "undergoing sweeping changes in the state appellate courts." In support of this contention, Plaintiff relies upon the recent state case of In re David A. Simpson, P.C., 711 S.E.2d 165 (N.C. Ct. App. 2011). In Simpson, the North Carolina Court of Appeals followed case law and North Carolina statutory law (which adopts certain provisions of the Uniform Commercial Code) in concluding that there was not sufficient evidence to show that the petitioner in a loan foreclosure action was the "owner and holder" of the promissory note and deed of trust. However, regardless of whether Simpson represents "sweeping change" in North Carolina foreclosure law as Plaintiff contends, this Court concludes that Plaintiff has failed to show that an administrative process is at issue in this action or that difficult or complex questions of state law are present whose importance transcends the result in the action. In addition, there is no basis to conclude that federal review will disrupt any state effort to develop a coherent policy with regard to the subject matter of the case. Under such circumstances, Burford abstention is not appropriate. See Nat'l City Mortgage Co. v. Stephen, 647 F.3d 78, 82-83 (3d Cir. 2011) (rejecting the argument that Burford abstention applies when a district court was asked to apply state law to set aside a foreclosure sale); see also Gilbert v. Residential Funding LLC, – F.3d –, 2012 WL 1548580 (4th Cir. May 3, 2012) (proceeding with consideration of issues of federal and state law in a lawsuit directly related to Simpson that had been removed to federal court).

Plaintiff also argues that this Court should abstain so that he can seek relief in state court under Rule 60 of the North Carolina Rules of Civil Procedure, because Rule 60 motions are "a new theory being discussed by debtor-creditor attorneys across North Carolina." (Memo. in Supp. of Mot. to Remand [Doc. #12] at 4.) Plaintiff contends that such a Rule 60 motion would have to be filed with the North Carolina Clerk of Court, rather than in federal court. (Id.) It is not apparent, however, why this possible new litigation strategy presents a difficult question of state law in this action, as Plaintiff concludes. Therefore, upon consideration of Plaintiff's arguments for Burford abstention, the Court finds no basis to abstain under the relevant criteria.

III. CONCLUSION

For the reasons set out above, this Court concludes that federal jurisdiction exists and abstention is not appropriate in this case. The Court therefore recommends that Plaintiff's motion be denied.[3]

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Remand [Doc. #11] be DENIED.

This, the 11th day of May, 2012.

        /s/ Joi Elizabeth Peake
        United States Magistrate Judge

---

[3] The Fourth Circuit has not directly addressed the question of whether a Motion to Remand is a nondispositive pretrial matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). See Jonas v. Unisun Ins. Co., 230 F.3d 1352, 2000 WL 1350648 (unpublished) (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). However, the circuit courts to consider the issue have concluded that magistrate judges lack authority to issue orders, rather than recommendations, on motions to remand. See, e.g., Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008) (following Tenth, Sixth and Third circuit in so concluding). Therefore, as a matter of caution, the undersigned proceeds by way of Recommendation.